ROLAND L. BELSOME, Judge.
| Appellant Devin Barry Smith (“Mr. Smith”) appeals the trial court’s judgment denying his rule for change of custody. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Appellant Mr. Smith and Appellee Don-ya Dalcour-Ralph (“Mrs. Dalcour-Ralph”) married in Louisiana in 1991. One child, Devin Barry Smith, was born of their marriage on May 24, 1993. In 1998, when Devin was four years of age, the parties divorced. That same year, Mrs. Dalcour-Ralph was initially granted sole custody of Devin; a second judgment awarding joint custody was issued in August 1998, with Mrs. Dalcour-Ralph as the primary domiciliary parent. Mr. Smith was allowed reasonable visitation rights. On February 22, 2005, when Devin was approximately twelve years of age, a consent judgment was signed by both parties which granted Mr. Smith visitation with Devin every other weekend. On July 21, 2005, Mr. Smith filed a Motion for Contempt, To Modify Child Support, and to Modify the Visitation Schedule, seeking to be declared the domiciliary parent, or in the alternative, joint and shared custody. The motion was set for September 2, 2005.
|aOn August 29, 2005, Hurricane Katrina struck. Mrs. Dalcour-Ralph, an employee of Whitney National Bank (“Whitney”) in New Orleans, was temporarily relocated by Whitney to Houston, Texas following Hurricane Katrina, where she remained until January 13, 2006. For a period of time in late 2005, Devin resided with Mr. Smith, and was enrolled in Coppell Middle North School in Coppell, Texas. Mrs. Dalcour-Ralph relocated to an apartment in New Orleans, and in May 2006, Devin returned to Louisiana.[1]
*1116 On May 11, 2006, Mr. Smith filed a Motion to Reset Motion for Contempt, Motion to Modify Child Custody and Request for Temporary Restraining Order to Modify Child Support, and to Modify the Visitation Schedule, seeking to be designated the domiciliary parent and to relocate Devin to Dallas. On May 16, 2006, Ms. Dalcour-Ralph filed a Rule for Sole Custody. It is from the trial court’s denial of Mr. Smith’s Rule for Change of Custody on August 31, 2006 that he appeals.
STANDARD OF REVIEW
An appellate court reviews a trial court’s determination of whether to modify a custody order under the abuse of discretion standard. Bergeron v. Bergeron, 492 So.2d 1193, 1196 (La.1986).
DISCUSSION
Assignments of Error # 1 and # 2
In his first assignment of error, Mr. Smith asserts that the trial court abused its discretion in. not recognizing major changes that occurred after the original |scustody decree that he maintains materially affected Devin’s well-being. The Louisiana Supreme Court has articulated the appropriate standard for determining whether a custody order should be modified:
The party seeking a change “bears the heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron [v. Bergeron], 492 So.2d [1193] at 1200. This burden of proof is imposed as a means of implementing the best interest standard in light of the special considerations present in change of custody cases. Last, the determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse. Bergeron, 492 So.2d at 1196.
A.E.B. v. J.B.E., 99-2668, p. 7 (La.11/30/99), 752 So.2d 756, 760-61 (emphasis added). Custody matters are also governed by La. Civ.Code art. 131, which provides that a court “shall award custody of a child in accordance with the best interest of the child.”
Mr. Smith argues that the change in the environment necessitating a modification of the custody order is the alleged use of corporal punishment by Mrs. Dalcour-Ralph, Devin’s stepfather Tyrone Ralph, and other family members to occasionally discipline Devin.[2] Additionally, Mr. Smith also references testimony regarding an incident where Devin was left by Mrs. Dalc-our-Ralph at a gas station for approximately ten minutes. Mrs. Dalcour-Ralph, Mr. Ralph, and |4Sandra Dalcour, Devin’s grandmother, disputed these allegations in their testimony at trial.
In this case, the trial court was in a superior position to observe and evaluate each witness’ demeanor and credibility. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973)(noting that the principal that a trial court’s factual findings are entitled to deference “is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective *1117 courts”). Likewise, it is well-settled that the trial court is vested with vast discretion when deciding child custody matters, and that the court’s findings are to be accorded great deference on appellate review.[3] Bagents v. Bagents, 419 So.2d 460, 462 (La.1982).
Upon a review of the record, and in accordance with the standard articulated in Bagents, 419 So.2d at 462, we do not find that the trial court abused its discretion in determining that a change in circumstances necessitating a modification of the custody decree had not occurred in this case. Likewise, we do not find that the trial court erred in determining that Mr. Smith failed to demonstrate that a continuation of the present arrangements would be so harmful and deleterious to Devin as to justify a modification of the custody decree. This assignment of error lacks merit.
| RWith respect to the second assignment of error, Mr. Smith submits that the trial court abused its discretion in failing to find that the modification of custody and relocation to Texas was in Devin’s best interest.
To determine the best interests of the child in each case, a court must make factual determinations, taking into consideration all relevant factors, including those set forth in La. Civ.Code art. 134. Dalferes v. Dalferes, 1998-1233 (La.App. 4 Cir. 11/18/98), 724 So.2d 805, 807. Article 134 provides as follows:
The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
(1)The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court | adeems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
La. Civ.Code art. 134 (emphasis added).
We agree with our brethren in the First Circuit, who have noted that the best-interest-of-the-child test is a fact-intensive inquiry, involving the weighing and balancing of factors favoring or opposing *1118 custody with respect to the competing parties on the basis of the evidence presented in each case. Martello v. Martello, 2006-0594, p. 5 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 191.[4] Additionally, “[ejvery child custody case is to be viewed on its own peculiar set of facts and relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child.” Id.
As previously stated, the trial court heard conflicting testimony from both parties in this case, in addition to testimony from Devin Smith and other witnesses. The trial court evaluated the testimony and evidence and made factual findings accordingly. We find nothing in the record which evidences that the trial court abused its discretion in reaching its determination that it was not in Devin’s best ^interest to modify the custody order and relocate him to Texas. This assignment of error lacks merit.
Assignment of Error # 3
In his third assignment of error, Mr. Smith maintains that the trial court abused its discretion in disregarding the testimony and recommendations of the court appointed custody evaluator. We find nothing in the record which evidences that the trial court disregarded the testimony and recommendations of the custody evaluator. In this case, the court appointed evaluator testified at length regarding her interviews with Mr. Smith, Mrs. Dalc-our-Smith, and Devin. This assignment of error lacks merit.
Assignment of Error # 4
In his fourth assignment of error, Appellant asserts that the trial court abused its discretion in not placing more emphasis in the minor child’s preference to live with Appellant in Texas. We note that a child’s preference is one of twelve factors to be considered under La. Civ.Code art. 134. Comment (b) to Article 134 states that “[t]he list of factors provided in this Article is nonexclusive, and the determination as to the weight to be given each factor is left to the discretion of the trial court.” La. Civ.Code art. 134, Comment (b)(emphasis added). Comment (b) to Article 134 further provides that “[i]n general, the court should consider the totality of the facts and circumstances of the individual case.” Id.
This Court has held that a court all relevant factors should be taken into consideration in making child custody determinations. Dalferes, 1998-1234, 724 So.2d at 807.[5] The Louisiana Supreme Court has stated that the twelve factor | S“checklist” was only intended to provide guidance to courts in making custody determinations. Turner v. Turner, 455 So.2d 1374, 1377, n. 2 (La.1984). In this case, the trial court questioned Devin at length regarding his preferences and ac *1119 knowledged that Devin articulated a desire to live with his father when giving its oral reasons for judgment. Thus, we find that the trial court took Devin’s preference into consideration in making its determination. This assignment of error lacks merit.
Assignment of Error # 5
In his fifth and final assignment of error, Appellant submits that the trial court abused its discretion in denying a change in custody. We note that the trial court heard extensive testimony from ten witnesses over a period of two days in this matter, and despite the lack of written reasons for judgment, we find that the trial court took into consideration all relevant factors when making its decision. In addition to the aforementioned reasons discussed in the previous assignments of error, we note again the standard imposed by Bagents, 419 So.2d at 462. Accordingly, we find nothing in the record which evidences an abuse of discretion by the trial court in making its factual finding that a change in custody was not warranted in this case. This assignment of error lacks merit.
CONCLUSION
While another trier of fact may have reached a different conclusion, we cannot say that the trial court abused its discretion in this particular case. For the | aforegoing reasons, the judgment of the trial court denying a Rule for Change of Custody is hereby affirmed.
AFFIRMED.

. Mrs. Dacour-Ralph then filed a Rule for Return of Child and for Contempt on March 29, 2006. Mr. Smith filed a Petition to Effect Parent-Child relationship on the same day, citing Texas' Uniform Child Custody Jurisdiction Act. Texas did not accept jurisdiction and returned Devin to Mrs. Dacour-Ralph in Louisiana on May 8, 2006.

. We note that Louisiana law does not recognize, nor does Mr. Smith argue that a change in a child’s age (i.e., from an infant to an adolescent) could constitute a change in circumstances.

. We note that the trial court addressed the issue of corporal punishment in its oral reasons for judgment and in the written judgment itself, explicitly ordering that no family member or agent, including Mr. Smith, was to use any form of corporal punishment on Devin.

. The Second Circuit has articulated similar guidelines, stating that "[t]he court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors.” Flanagan v. Flanagan, 36,852 (La.App. 2 Cir. 3/5/03), 839 So.2d 1070, 1073. The court further noted that “the court is not bound to give more weight to one factor over another, and when determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented.” Id.

. See also Bodie v. Harvey, 2006-845, p. 4 (La.App. 3 Cir. 11/2/06), 943 So.2d 1256, 1258 ("the trial court is not limited to considering the factors enunciated and should consider the totality of the facts and circumstances in each particular situation”)(citing Hawthorne v. Hawthorne, 96-89 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, writ denied, 96-1650 (La.10/25/96), 681 So.2d 365).