MATHEW LEPETICH       *       NO. 2026-C-0160

VERSUS       *

      **COURT OF APPEAL**

MALENA BADON LEPETICH       *

      **FOURTH CIRCUIT**

      *

      **STATE OF LOUISIANA**

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
25TH JDC, PARISH OF PLAQUEMINES
NO. 67627, DIVISION "B"
Honorable Michael D. Clement,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)



Christy Howley
M. Elizabeth Bowman
Jordan T. Giles
BOWMAN & HOWLEY
629 Lafayette Street
Gretna, Louisiana 70053

      COUNSEL FOR RELATOR

Mathew Lepetich
208 Bienville Street
New Orleans, Louisiana 70130

      COUNSEL FOR RESPONDENT

           **WRIT DENIED WITH REASONS**
           **April 6, 2026**

Relator, Malena Badon Lepetich, seeks review of that portion of the trial court's February 6, 2026 judgment which granted the motion of Respondent, Mathew Lepetich, to modify the order of temporary custody involving the parties' minor children. Based on the following, we exercise our supervisory review and deny Relator's writ application with reasons.

## FACTUAL AND PROCEDURAL HISTORY

On October 1, 2025, Relator filed an Emergency Rule for Child Custody, Request for Temporary Custody Pursuant to La. C.C.P. art. 3945, Rule for Contempt and Attorney's Fees and Costs and for Incidental Matters ("emergency temporary custody). Relator asserted, in part, that Respondent had failed to timely return the minor children after a custodial visit and alleged Respondent's "erratic behavior" and "history of substance abuse" caused concern for the children's safety.

After a hearing on Relator's emergency temporary custody motion, the trial court rendered a written judgment on October 17, 2025, which awarded Relator temporary sole custody of the children. Respondent was ordered to have

1

supervised visitation at the Family Care Center for four hours each on Saturdays and Sundays, every other weekend, at Respondent's cost. The trial court also ordered Respondent to submit to a ten-panel hair test at BAL and Associates; to sign a HIPAA release for records concerning his treatment at Plaquemines Community Care Center; and to undergo a psychological evaluation through the Plaquemines Community Care Center.

On November 13, 2025, and December 4, 2025, Respondent, *pro se*, filed and re-filed a Motion for Contempt and to Modify Temporary Custody Order ('motion to modify"). The motion to modify sought to modify the trial court's October 17, 2025 judgment, and return to the shared custody status in effect prior to the modification. Respondent's motions to modify represented that he had complied with all requirements ordered in the October 17, 2025 judgment. Later, Respondent filed additional motions for contempt and a motion to disqualify counsel.

In response, Relator filed a Motion in Limine and/or Motion to Strike, Peremptory Exception of No Cause of Action, and Opposition to Motions for Contempt. Relator's exceptions of no cause of action included a claim that Respondent's motion to modify failed to state a cause of action to entitle him to relief.

The matter came for hearing on February 6, 2026. At the beginning of the hearing, the trial court orally granted Relator's exceptions of no cause of action to Respondent's motion to disqualify counsel, motions for contempt, and motion to modify custody. After a recess, the trial court reversed the ruling on Respondent's motion to modify custody and proceeded to conduct a hearing on the merits of the motion. Subsequent to the hearing, the trial court's written judgment sustained

Relator's exception of no cause of action to the motion to modify, but also granted Respondent's motion to modify the award of temporary custody. The trial court also ordered all parties to appear for a status conference on April 7, 2026.

Thereafter, Relator timely filed a notice of intent and the present writ application.

## ASSIGNMENTS OF ERROR

1) The trial court erred when it initially sustained Relator's exception of no cause of action regarding Respondent's motion to modify, and then proceeded to hold a substantive hearing on the motion and grant the motion.

2) The trial court erred in modifying custody without satisfaction of the *Bergeron v. Bergeron*, 492 So.2d 1193 (La. 1986) standard that either the current custodial schedule was so deleterious to the children as to warrant modification or that it was in the children's best interest that custody be modified and any harm done would be outweighed by the benefit to the children.

3) The trial court erred when it modified custody by essentially conducting a review hearing of the judgment from October 7, 2025, which was signed on October 17, 2025, and modifying custody based on the trial court's review of Respondent's alleged compliance with that judgment which was not before the court to review based on the four corners of his pleading.

4) The trial court erred in impermissibly assisting Respondent as a *pro se* litigant at the February 3, 2026 hearing.

## STANDARD OF REVIEW

This Court has recognized that rulings regarding child custody are reviewed pursuant to the abuse of discretion standard discussed in *Bergmann v. Nguyen* as follows:

> In most child custody cases, the trial court's rulings are based heavily on its factual findings. *Hanks v. Hanks*, [20]13-1442, p. 8 (La. App. 4 Cir. 4/16/14), 140 So.3d 208, 214 (citing *Palazzolo v. Mire*, [20] 08-0075, pp. 34-37 (La. App. 4 Cir. 1/7/09), 10 So.3d 748, 768-70). "[A] court of appeal may not set aside a trial court's or a jury's findings of fact in the absence of 'manifest error' or unless it is 'clearly wrong.'" *Evans v. Lungrin*, [19]97-0541, [19]97-0577, p. 6 (La. 2/6/98), 708

3

So.2d 731, 735 (citing *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989)).

"Every child custody case must be viewed based on its own particular facts and relationships involved, with the goal of determining what is in the best interest of the child." *Mulkey v. Mulkey*, [20] 12-2709, p. 15 (La. 5/7/13), 118 So.3d 357, 367; see La. C.C. art. 131 (providing that "the court shall award custody of a child in accordance with the best interest of the child"). In determining the best interest of the child, "[e]ach case must be viewed in light of the child's age, the situation of the parents, and any other factor relevant to the particular case." *Palazzolo*, [20]08-0075[,] p. 35, 10 So.3d at 768.

Because the trial judge is in a better position to evaluate the best interest of a child from [a] superior position to observe and evaluate the demeanor and credibility of the parties and the witnesses, [the trial judge's] decision will not be disturbed on review absent a clear showing of abuse. *Smith v. Smith*, [20]07-0260, [20]07-0261, p. 4 (La. App. 4 Cir. 2/13/08), 977 So.2d 1114, 1116-17; *Palazzolo*, [20]08-0075[,] p. 35, 10 So.3d at 768; *Foshee v. Foshee*, [20] 12-1358, p. 4 (La. App. 4 Cir. 8/28/13), 123 So.3d 817, 820; *Watts v. Watts*, [20] 08-0834, p. 2 (La. App. 4 Cir. 4/8/09), 10 So.3d 855, 857. As this court recently noted in *Jaligam v. Pochampally*, [20]16-0249, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 298, 303, "the court of appeal cannot simply substitute its own findings for that of the trial court." *See also, Mulkey*, [20]12-2709, p. 16, 118 So.3d at 368.

2021-0553, pp. 14-15 (La. App. 4 Cir. 4/27/22), 366 So.3d 422, 432–33 (quoting

*State through Dep't of Children & Family Servs. Child Support Enf't v. Knapp*,

2016-0979, pp. 12-13 (La. App. 4 Cir. 4/12/17), 216 So.3d 130, 139-40).

## DISCUSSION

Relator's assignments of error regarding the merits of the trial court's judgment to permit modification of the temporary custody order fall within two categories: (1) Respondent's motion failed to state a cause of action to entitle him to relief; and (2) the trial court failed to utilize the burden of proof standard enunciated in *Bergeron* to modify a custody award.

**Exception of No Cause of Action**

4

In this error, Relator emphasizes the trial court initially orally granted her exception of no cause of action to modification of the custody award, only to reverse itself, permit a hearing, and issue a written judgment granting the motion, while contradictorily sustaining Relator's exception of no cause of action in the written judgment.

The relevant portions of the trial court's judgment regarding Relator's exception of no cause of action and Respondent's motion to modify provide as follows:

> **IT IS FURTHER ORDERED ADJUDGED AND DECREED** that Malena Lepetich's Peremptory Exception of No Cause [of Action] on the Motion for Contempt and to Modify Temporary Custody Order filed herein by Matthew Lepetich on November 13, 2025, and refiled on December 4, 2025, be and is hereby sustained.
> . . .
>
> **IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the Court heard the Motion filed on November 13, and refiled on December 4, 2025, and the Court do[e]s hereby modify custody as follows:
>
> (1) All drug screens shall now be random as ordered by the Court and Mathew Lepetich shall reimburse the Court for all positive tests and materials used to test him.
>
> (2) Our Family Wizard video calls shall remain in full force and effect as previously ordered, are subject to recording and shall be conducted at 10:00 a.m. on the weekends and 6:00 p.m. on weekdays subject to the children's schedules. The children's extracurricular schedules shall be submitted to the Court and to Mr. Lepetich once received by Malena Lepetich.
>
> (3) Mathew Lepetich's visitation shall now be unsupervised and shall be conducted every other weekend from Friday pick up after school until Monday drop off at school starting February 6, 2026.
>
> (4) Mathew Lepetich shall provide proof of his attendance at counseling as previously ordered by this Court to the Court and all counsel of record on a regular basis.

At the onset of the hearing, Relator argued in support of its no cause of action exception regarding custody modification that Respondent "hasn't stated any material change in circumstances occurred that is true."  Relator added:

> But our exception of no cause basically says, look, he has to state it's so deleterious to the children so he can get a modification, and he doesn't do that. He doesn't even use the words "material change," much less the words "so deleterious."  He's under Bergeron.  He has to meet the Bergeron standard, and he hasn't done that, and he hasn't stated that to you.

Thereafter, the trial court observed '[o]n the two motions to modify custody[,] [h]e did - -  he did not state a cause of action to modify custody.  Sustaining--- so, this Court is sustaining your objections to his motions to modify custody."

However, upon listening to additional arguments as to the contents of the case record, the trial court declared, "I can't get into the record.  "I'm going to to - - - I'm going to take a recess to review the record.  We'll let you know when I'm finished.  Upon returning from recess, the trial court espoused the following:

THE COURT:

> All right.  **After reviewing the record, the Court is going to reverse the ruling with regard to Mr. Lepetich's motion to modify the temp - - - temporary order of custody.**  (Emphasis added).
>
> He filed that on November 13th of last year.  It was continued and reset for today.
>
> So with that, you are - - we are going to proceed with hearing on the matter.

Relator points out the apparent conflict amongst the written judgment which sustained Relator's exception of no cause of action with the trial court's decision to conduct a hearing on Respondent's motion to modify and the written judgment which permitted modification of the October 17, 2025 temporary custody judgment. Consequently, Relator asks this Court to conduct a *de novo* review as to

6

whether the trial court properly sustained Relator's exception of no cause of action as memorialized in the written judgment. Upon review, we find the trial court did not properly sustain Relator's exception of no cause of action as reflected in the written judgment.

This Court outlined the standard of review in considering an exception of no cause of action in *Palmer v. Crescent City Auction Gallery, LLC*, 2025-0391, 2025 WL 3442626 *3 (La. App. 4 Cir. 12/1/25), - - - So.3d - - -, as follows:

> A peremptory "exception of no cause of action presents a question of law, so an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*." *Wakin' Bakin' L.L.C. v. Rabalais*, 2023-0432, p. 4 (La. App. 4 Cir. 11/15/23), 377 So.3d 784, 787 (quoting *Cunningham v. City of New Orleans*, 2021-0532, p. 9 (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 986). "A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *Id.* (quoting *Cunningham* at p. 10, 336 So.3d at 986).

> When ruling on "an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Girod Titling Tr. v. Hermes Health All., L.L.C.*, 2024-0221, p. 10 (La. App. 4 Cir. 7/1/24), 401 So.3d 721, 729, *writ denied*, 2024-01199 (La. 12/11/24), 396 So.3d 963 (quoting *Green v. Garcia-Victor*, 2017-0695, p. 5 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453). "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not plead in the petition." *Id.* Additionally, "[t]he grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.*

> A review of Respondent's motion to modify shows he pled the following:

> 18. Plaintiff asserts that there has been a material change in circumstances since the issuance of the October 7, 2025 temporary custody order, warranting modification of that order in accordance with the Louisiana Children's Code and the Louisiana Uniform Child Custody Jurisdiction and Enforcement Act.

> 19. Specifically, the following changed circumstance have occurred since the issuance of the October 7, 2025 order:

7

a. Plaintiff has enrolled in family mediation as of October 28, 2025, as required by the Court's October 7, 2025 order;
b. Plaintiff has completed all classes and requirments set forth in the Court's October 7, 2025 order;
c. Despite Plaintiff's compliance with all Court-order requirements, Plaintiff has not been permitted to speak with or see the minor children since October 3, 2025, a period of nearly one month.
d. Plaintiff has made at least four to six requests to Defendant and her counsel for FaceTime communications with the minor children, all of which have been ignored; and
e. The complete absence of contact between Plaintiff and the minor children for this extended period is not in the best interests of the children.

20. Plaintiff asserts that the restoration of the previous joint custody arrangement with equal parenting time would serve the best interests of the minor children, as it would allow them to maintain meaningful relationships with both parents.

21. The complete denial of contact between Plaintiff and the minor children is detrimental to the children's emotional well-being and development, and is contrary to the principles of co-parenting and the best interest factors set forth in the Louisiana Children's Code.

Relator urges that Respondent's allegations do not constitute a cause of action because they are not true and lack evidentiary proof. However, Respondent's motion expressly alleges a "material change in circumstance since the issuance of the October 7, 2025 temporary custody order;" identifies specific changed circumstances; and seeks restoration of the previous joint custody arrangement premised on the best interests of the children. Taking these allegations as true, we find the law affords Respondent a remedy to seek modification of the temporary custody order based on the facts pled in the motion. Moreover, inapposite to Relator's contention, courts do not consider whether the evidence is sufficient to prevail on the merits in determining whether a party has sufficiently pled cause of action. *See Palmer*, 2025 WL 3442626 *3.

Accordingly, Relator's claim that the trial court properly sustained its exception of no cause of action in the written judgment is not meritorious.

***Bergeron v. Bergeron***

Relator's next argument is that the trial court erred because Respondent did not meet the heavy burden of proof to warrant a modification of custody as established in *Bergeron v. Bergeron*, 492 So.2d 1193 (La. 1986). *Bergeron* "provides that when a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed." 492 So.3d at 1199. In contrast to *Bergeron*, however, Respondent's request herein to modify the trial court's October 17, 2025 temporary award of sole custody to Relator pursuant to La. C.C.P. art. 3495, is not a request to modify a considered permanent decree. Subsection C of La. C.C.P. art. 3495 provides, in relevant part, that an ex parte order of temporary custody shall "expire by operation of law within thirty days of the signing of the order; however, the order may be extended for good cause shown at any time before its expiration for one period not to exceed fifteen days." Consequently, the October 17, 2025 judgment is not governed by *Bergeron's* heavy burden of proof standard because it involves an interim custody plan. *See Laurent v. Prevost*, 2018-0126, p. 6 (La. App. 4 Cir. 7/11/18), 251 So.3d 504, 508. As such, Respondent's burden of proof in seeking modification of the custody arrangement required only that he show: "1) a change in circumstances affecting the welfare of the [child] had occurred since the original decree; and 2)

the proposed modification is in the best interests of the [child]." *Id.* (citations omitted).

Upon applying the burden of proof standard as enunciated in *Laurent* to the present matter and considering the evidence and testimony offered at the hearing, the trial court found a change in circumstances. In particular, the court determined that Respondent had complied with the court's orders in the October judgment to submit to drug testing and psychological evaluations. The court referenced that the findings of a doctor "[were] not deleterious to the children." The trial court further determined "I don't' think it's good for the children that they don't have access to their father."

Thus, based on the record before us, we cannot say the trial court's findings were manifestly erroneous or that the trial court abused its discretion in granting Respondent's motion to modify the October 17, 2025 temporary custody order. This error is without merit.

**Impermissible Trial Court Assistance**

Relator's final assignment of error contends the trial court offered impermissible assistance to Respondent, who represented himself *pro se*. Relator complains that the trial court violated Canon 3 of the Code of Judicial Conduct[1] by offering Respondent assistance in formulating a response to an objection and

---

[1] Canon 3A(4) of the Code of Judicial Conduct states:

> A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, and shall not permit staff, court officials or others subject to the judge's direction to do so. A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the abilities o all litigants, including self-represented litigants, to be fairly heard, provided, however, that in so doing, a judge should not give self-represented litigants an unfair advantage or create an appearance of partiality to the reasonable person.

informing Respondent that he could provide testimony in support of his motion to modify.

Our jurisprudence affords latitude to a *pro se* litigant, recognizing that the litigant lacks formal training in the law and rules of procedure. *See Brooks v. Tradesmen Intern, Inc.*, 2003-1871, p. 5 (La. App. 4 Cir. 9/1/04). In our review of the record, we find the assistance the trial court provided to Respondent does not unduly prejudice Relator, provide an unfair advantage to Respondent, or create the appearance of partiality to a reasonable person. Rather, the trial court's assistance fell within the broad latitude afforded *pro se* litigants. Accordingly, this error is meritless.

## DECREE

Based on the foregoing, we exercise our supervisory review and deny Relator's writ application with reasons.

**WRIT DENIED WITH REASONS**